**Djerdj SADIKI and Tereze Sadiki, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0023–ag.

United States Court of Appeals, Second Circuit.

Feb. 23, 2007.

Glenn T. Terk, Wethersfield, CT, for Petitioners.

Patrick J. Fitzgerald, U.S. Atty., Northern District of Illinois; Barry A. Miller, Craig A. Oswald, Asst. U.S. Attys., Chicago, IL, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners Djerdj Sadiki and Tereze Sadiki, natives and citizens of the former Federal Republic of Yugoslavia, and ethnic Albanian Catholics, seek review of a December 7, 2005 order of the BIA affirming the July 16, 2004 decision of Immigration Judge ("IJ") Michael W. Straus denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Djerdj Sadiki, Tereze Sadiki,* Nos. A 78 293 027; A78 293 031 (B.I.A. Dec. 7, 2005), *aff'g* No. A 78 293 027; A78 293 031 (Immig. Ct. Hartford July 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although petitioners are challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, we review this case nonetheless under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen*

*v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

█ In the instant case, the Government does not challenge the BIA's and IJ's determinations that petitioners established past persecution. As such, the petitioners were entitled to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). The presumption of a well-founded fear may be rebutted if an IJ finds that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in his country of nationality on account of one of the five statutory grounds. *Id.*

Here, petitioners' argument that the IJ failed to consider the evidence in the record is unavailing. To the contrary, the record reflects that the IJ thoroughly reviewed the background materials and took pains to comment on the most relevant changes that had occurred in Serbia–Montenegro since petitioners' departure. While neither the IJ nor BIA specifically addressed every piece of evidence presented by petitioners, such was not required of the agency. *See Xiao Ji Chen v. U.S.*

*Dep't of Justice,* 471 F.3d 315, 336, n. 17 (2d Cir.2006) (emphasizing that, where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented).

The BIA and IJ found that country conditions had changed significantly, such that petitioners no longer have a well-founded fear of persecution. The IJ accurately observed that the 2002 State Department Country Report on Human Rights Practices for the Federal Republic of Yugoslavia indicated that former Yugoslav president Slobodan Milosevic, whose regime specifically targeted ethnic Albanians, was ousted from power in October 2000 and tried for war crimes. In addition, the IJ appropriately took into account the indication of the 2003 State Department Country Report on Human Rights Practices for Serbia–Montenegro that tension continued to exist between Kosovo's Albanian and Serb population, but that revenge-based violence had declined. Further, the IJ properly noted that Serbia and Montenegro had formed a republic that generally respected the human rights of its citizens.[1] The IJ specifically referenced the report's indication that Catholic and Muslim communities coexisted within the same towns and often used the same municipal-owned properties for worship services in Montenegro, and that ethnic Albanians participated in the political process. Moreover, the report indicated that U.N. peacekeeping forces continued to carry out a mandate to maintain internal security in Kosovo, and while there were some incidents of Serbs and Albanians harassing each other in Ko-

---

1. We take judicial notice that Serbia and Montenegro are now independent nations, and that Kosovo remains an autonomous province within Serbia. *See* https://www.cia.gov/cia/publications/factbook/geos/rb.html.
At the time of petitioners' hearing, both Koso-

vo and Montenegro were part of the same federation. However, because the agency analyzed petitioners' well-founded fear claim as to both Montenegro and Kosovo, the changes that have since occurred do not affect our review.

sovo, there was no indication that either Albanians or Catholics were persecuted in Kosovo or Montenegro. Because the record reveals a fundamental change in country conditions in Serbia–Montenegro, the BIA and IJ reasonably determined that Sadiki and his wife no longer had a well-founded fear of persecution in Montenegro or Kosovo. 8 C.F.R. § 1208.13(b)(1). We therefore need not reach the IJ's determination regarding Sadiki's ability to relocate within Serbia–Montenegro.

Furthermore, because petitioners have failed to challenge, in their brief to this Court, the BIA's and IJ's determinations that the severity of any past persecution that they endured did not merit a grant of asylum, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

Given that petitioners were unable to show the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Likewise, the IJ reasonably found that petitioners failed to set forth facts or circumstances to show that it was more likely than not that they would be tortured if returned to Serbia–Montenegro. The BIA and IJ therefore properly found that they failed to establish eligibility for relief under the CAT. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).